IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sharon McCraney,<br><br>      Plaintiff,<br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>      Defendant. | Civil Action No. 1:19-cv-1133-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed April 8, 2020, recommends the decision of the Commissioner be affirmed. ECF No. 11. On April 22, 2020, Plaintiff filed objections to the Report. ECF No. 12. On April 30, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 13. For the reasons stated below, the court adopts the Report and affirms the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on February 22, 2016, alleging disability as of June 30, 2014 (amended alleged onset date) due to fibromyalgia, AHHD, arthritis, COPD, anxiety with depression, and hypertension. $R^2$. at 20, 21, 173. Plaintiff's application was denied initially and upon reconsideration. On February 15, 2018, a hearing was held before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim on July 5, 2018. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action April 17, 2019. ECF No. 1.

## Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. ECF No. 11. Plaintiff objects to the Report (ECF No. 12), and the Commissioner has replied (ECF No. 15).

---

[2] Citations to the Record are denoted by "R."

### *1) Severe Impairment*

The ALJ found Plaintiff had medically determinable impairments of left knee degenerative joint disease, fibromyalgia, ADHD, and status post right fifth toe fracture, but did not have a severe impairment or combination of impairments that significantly limited her ability to perform basic work-related activities. R. at 20. He determined there were objective left knee findings, but as Plaintiff did not seek related treatment after July 2014, and the September 2014 exam (via primary care provider) was normal with no related complaints, the degenerative joint disease was not severe through date of last insured ("DLI"). R. at 23. Similarly, he determined Plaintiff's ADHD was non severe through the DLI as it caused no more than mild limitation in any functional area. R. at 22. Regarding her fibromyalgia, the ALJ found it was not severe because it did not have more than a minimal impact on her ability to perform past work activity, and also noted the first objective findings were in August 2015, after the DLI. He observed Plaintiff's daily activities were not limited to the extent one would expect, "given the complaints of disabling symptoms and limitations," and concluded her physical and mental impairments did not significantly limit her ability to perform basic work activities. R. at 25.

The Magistrate Judge reviewed the evidence relied on by the ALJ regarding Plaintiff's left knee degenerative arthritis and fibromyalgia (ECF No. 11 at 30),[3] and found the ALJ did not err in assessing the severity of Plaintiff's impairments at Step Two, which evaluates the evidence

---

[3] Plaintiff did not challenge the ALJ's findings regarding her ADHD or healed right fifth toe fracture. *Id.* at 25 n.5.

4

supporting existence of medically determinable impairments and whether those impairments significantly limit a plaintiff's ability to perform basic work activities. *Id.* at 31. The Magistrate Judge noted the ALJ "provided a thorough and rational explanation for finding left knee DJD and fibromyalgia to be non-severe impairments prior to Plaintiff's DLI," including acknowledging Plaintiff's symptoms and medical tests but finding the impairments did not significantly limit her ability to work. *Id.* at 33. Further, the Report noted the deference to be accorded the ALJ's assessment of post-DLI evidence. Overall, the Magistrate Judge found a review of the evidence indicates a "reasonable mind would accept the ALJ's explanation to support her finding that Plaintiff's impairments were not severe through her DLI." *Id.* at 35.[4]

Plaintiff objects, arguing the record shows more than a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with [her] ability to work." ECF No. 12 at 4. Therefore, based on her age and past work, if she was appropriately limited to light work in her RFC, she would be considered disabled. *Id.* Plaintiff contends her knee abnormalities, severe muscular discomfort in her shoulders, back, neck, hips, and elbows are more than "slight," and therefore she cannot be found not to have severe abnormalities. *Id.* at 6-7.

---

[4] The Magistrate Judge also found even if Plaintiff's impairments were severe, it did not necessarily mean she would be found disabled, as "Plaintiff cannot show the ALJ's failure to classify her impairments as severe at step two caused her to reach a different conclusion than she otherwise would have reached." ECF No. 11 at 36. Because the VE testified the hypothetical individual described by the ALJ would be able to perform Plaintiff's past relevant work ("PRW") as a cosmetologist, the Magistrate Judge determined Plaintiff would not be found disabled even if the analysis proceeded beyond Step Two.

5

Specifically, she notes swelling, pain, tear in the medial meniscus, a Baker's cyst, cartilage irregularity, and recommendation for surgery.[5] Plaintiff then cites medical records from 2015 and 2016, well after her DLI, regarding her fibromyalgia and back pain.

The court agrees with the Magistrate Judge that Plaintiff's recitation of medical records considered by the ALJ seeks to have the court reweigh the evidence and determine the ALJ's decision regarding Plaintiff's impairments was error.  Notably, Plaintiff cites no cases in support of her argument that minimal clinical findings such as hers are sufficient to establish a severe impairment.

Plaintiff essentially argues that the record shows, and the ALJ found, she had medically determinable impairments, and so her knee symptoms "meet step two" by showing "something more than a slight abnormality." ECF No. 12 at 9.  However, if a claimant could meet Step Two by merely demonstrating the existence of a medically determinable impairment, the other requirement of Step Two, that this impairment is severe, *i.e.*, that it "significantly limits her ability to do basic work activities," would be a nullity.  Accordingly, a claimant is required to show **both** a medically determinable impairment and that this impairment significantly limits her ability to do basic work activities. This Plaintiff has not done. Although she points to several medically determinable symptoms regarding her knee and fibromyalgia, she has produced no evidence these significantly limit her ability to perform basic work functions.  Mere citations to the record of pain,

---

[5] The court notes Plaintiff's objections count 29 "abnormalities" in the knee alone; however, this appears to double count some issues, such as pain and the meniscal tear, when they are mentioned in more than one medical note.

6

swelling, "trace effusion," cyst, and meniscal tear, among others, do not demonstrate to the ALJ or the court that her ability to work is "significantly" limited. Importantly, she has cited to no indications of any functional limitations that would impact her ability to work.

Plaintiff also contends the ALJ erred in considering her daily activities, including going to the gym, moving items, and caring for her grandchildren, showed she could perform more than light work. She argues the ALJ only mentioned these three activities; however, the ALJ went on to discuss other activities such as laundry, driving, shopping, managing money, watching TV, reading, and socializing with her family by visiting and going out to eat. R. at 24-25. The ALJ therefore found Plaintiff's daily activities "were not limited to the extent one would expect, giving the complaints of disabling symptoms and limitations . . . [they] were not consistent with an individual claiming to have disabling limitations." *Id.* at 25. The court notes the evidence regarding these daily activities all falls after Plaintiff's DLI, and therefore is subject to the deferential standard afforded the ALJ's evaluation of post-DLI evidence. *Parker v. Berryhill*, 733 F. App'x 684, 687 (4th Cir. 2018). Based on this standard, and on the more fulsome discussion by the ALJ than cited by Plaintiff, the court will not disturb the ALJ's determination regarding Plaintiff's daily activities, as it is supported by substantial evidence.

For the reasons above, the court agrees Plaintiff has failed to meet her burden of producing sufficient evidence demonstrating the severity of her impairments and their impact on her ability

to work.[6]  Plaintiff's objection regarding the determination of her impairments as non-severe is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 19, 2020

---

[6] As the court adopted the recommendation as to Step Two, it declines to consider the Magistrate Judge's additional finding regarding Plaintiff's PRW.

8